OPINION
{¶ 1} Defendant-appellant James Corrin appeals his conviction entered by the Stark County Court of Common Pleas on one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 18, 2004, the Stark County Grand Jury indicted appellant on the aforementioned charge. Appellant appeared before the trial court with court appointed counsel for his arraignment on June 25, 2004, and entered a plea of not guilty to the charge. The matter proceeded to jury trial on August 11, 2004. The following evidence was adduced at trial.
 {¶ 3} Det. Joseph Mongold, an officer with the Canton Police Department assigned to the Criminal Intelligence Vice Unit, testified on May 22, 2004, at approximately 8:20 p.m., he was conducting a surveillance of a gas station located at 26th Street and Cleveland Avenue, NW, in the City of Canton, Ohio. The Canton Police Department had received numerous complaints of drug activities in the area. Det. Mongold was working with Det. Daniels that evening. Both officers were undercover and in separate unmarked vehicles.
 {¶ 4} During his surveillance, Det. Mongold observed a Jeep Cherokee pull into the gas station parking lot. The driver parked the vehicle, and the passenger, who was later identified as appellant, exited and entered the store. A short time later, a green Corvette, driven by a black male who was later identified as Rubin Vance, a suspected drug dealer, drove into the parking lot. Appellant exited the store and entered the passenger side of the green Corvette. The driver of the Corvette drove southbound on Cleveland Avenue. Det. Mongold followed and observed the Corvette stop in the middle of the road. Det. Mongold then observed the driver and appellant lean into each other and engage in a hand-to-hand transaction. Thereafter, the Corvette returned to the gas station, appellant exited and returned to the Jeep. The Jeep drove away.
 {¶ 5} Due to a high volume of police calls, Det. Mongold's attempts to get uniform officers in a marked cruiser to assist in making a traffic stop of the Jeep took some time. Dets. Mongold and Daniels followed the Jeep, which circled through a residential neighborhood. Det. Mongold believed the persons in the Jeep knew they were being followed, and the movements he observed inside the vehicle made him concerned for officer safety or the possibility evidence was being destroyed. Det. Mongold accordingly decided to call off the surveillance. As he was doing so, he drove back onto Cleveland Avenue and noticed the Jeep was following him. Det. Mongold turned into the parking lot of a retail store and the Jeep pulled in next to him. Concerned for his safety, Det. Mongold attempted to enter the store, which was closed. He returned to his vehicle, and observed appellant and the driver outside the Jeep.
 {¶ 6} Det. Mongold retrieved his badge, walked toward appellant, and identified himself as a police officer. Appellant reached into his front right pocket and placed something into his mouth. The detective ordered appellant to show his hands, which appellant refused to do. When Det. Mongold saw appellant was trying to chew the object he had placed in his mouth, he ordered appellant to spit it out. Appellant refused to comply with the officer's command. The detective attempted to get appellant to spit out the item by pushing on his cheeks. A struggle ensued between appellant and Det. Mongold.
 {¶ 7} Officer Sedarez arrived at the scene during the struggle. After Officer Sedarez hit his emergency button, multiple units arrived at the scene. Officer Sedarez subsequently effectuated the arrest of appellant.
 {¶ 8} Det. Mongold retrieved a false tooth and a small amount of crack cocaine which was wrapped in cellophane, both of which had been extricated from appellant's mouth when the detective squeezed his cheeks. A crack pipe was also discovered at the scene.
 {¶ 9} Jay Spencer of the Stark County Crime Lab testified he analyzed the white substance confiscated during appellant's arrest. The test results established the material to be crack cocaine, weighing .70 grams. Upon the conclusion of Spencer's testimony, the State rested.
 {¶ 10} Appellant testified on his own behalf. Appellant recalled he was at Monument Park on May 22, 2004, and asked an acquaintance he knew from playing basketball for a ride to the gas station on 26th Street and Cleveland Avenue to meet a friend. When they arrived, appellant exited the Jeep to go into the store to buy cold drinks and cigarettes. Appellant met his friend Rubin Vance at the gas station. Vance agreed to loan appellant $60.00, but the two had to go around the block to Vance's friend's house to get the money. Vance dropped appellant off at the gas station and appellant returned to his acquaintance who was waiting to take him back to Monument Park. Appellant testified the driver and his girlfriend, who were passing a crack pipe between them, began to argue. The driver pulled into a parking lot. Appellant asked the driver what he was doing. The driver told appellant he had lost something, and ordered appellant out of the vehicle to search the backseat. Appellant testified, as he was looking for the item, he heard someone running up behind him. He glanced out of the corner of his eye as he was grabbed and forced to the ground. during the fight, appellant was hit under the jaw and his partial plate flew out of his mouth. Appellant acknowledged he put up a good struggle, but explained he did so because he was in a chokehold and could not breathe. Appellant testified he lost consciousness and awoke at the hospital. After being told why he was there, appellant requested blood and urine tests.
 {¶ 11} After hearing all the evidence and deliberations, the jury found appellant guilty of one count of possession of crack cocaine. The trial court sentenced appellant to a term of eleven months imprisonment and suspended his driver's license for one year.
 {¶ 12} It is from this conviction appellant appeals, raising as his sole assignment of error:
 {¶ 13} "I. Evidence that appellant possessed cocaine in violation of R.C. 2925.11(A)(C)(4)(A) was insufficient to sustain a conviction."
 I {¶ 14} In his sole assignment of error, appellant maintains the evidence presented was insufficient to sustain a conviction of possession of cocaine.
 {¶ 15} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 16} Specifically, appellant submits the evidence was insufficient to established he possessed any drugs at the time of his arrest. Appellant was convicted of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(a), which provides:
 {¶ 17} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
"(C) Whoever violates division (A) of this section is guilty of one of the following: "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows: "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 18} "Possession" is defined as having control over a thing or substance, but possession may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. R.C.2925.01(K).
 {¶ 19} Knowing possession of an object can be actual or constructive.State v. Scalf (1998), 126 Ohio App.3d 614, 619. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus; State v. Gaefe, Clinton App. No. CA2001-11-043, 2002-Ohio-4995, at ¶ 9.
 {¶ 20} Dominion and control can be proven by circumstantial evidence alone. Gaefe at ¶ 10; see State v. Hooks (Sept. 18, 2000), Warren App. No. CA2001-01-006; State v. Pruitt (1984), 18 Ohio App.3d 50, 58. Although mere presence in the vicinity of drugs does not prove dominion and control, readily accessible drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. See Hooks; see, e.g., State v. Scalf,126 Ohio App.3d at 620.
 {¶ 21} Det. Mongold testified he observed appellant place an item into his mouth which was extricated after the detective squeezed appellant's cheeks. Subsequent analysis of the item established it to be cocaine. Furthermore, Det. Mongold testified he located the item after it had been dislodged from appellant's mouth in the immediate vicinity of their struggle. Reviewing the evidence in a light most favorable to the State, we find a rational trier of fact could have found the essential elements of the crime of possession of cocaine beyond a reasonable doubt.
 {¶ 22} Appellant further argues because the State failed to conduct DNA testing on the cellophane wrap, the evidence was insufficient to prove his possession of it. Appellant never filed a motion with the trial court requesting DNA testing, and such testing is not required by statute. Furthermore, given Det. Mongold's eyewitness testimony, any such evidence would be unnecessary.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.